# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRENT BECKER, | Case No. 2:19-cv-01043-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| CAESARS ENTERTAINMENT; CULINARY UNION LOCAL 226 | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court are three motions: (1) Defendant Caesars Entertainment's Motion for Summary Judgment [ECF No. 66]; (2) Defendant Culinary Union Local 226's Motion for Summary Judgment [ECF No. 73]; and (3) Defendant Caesars Entertainment's Motion for Summary Judgment [ECF No. 76].

## II.   PROCEDURAL BACKGROUND

Plaintiff filed a complaint on June 18, 2019. ECF No. 1. The Complaint was amended on October 1, 2020 [ECF No. 10] and the operative second amended complaint was filed on October 1, 2020. ECF No. 69. On June 16, 2020, Magistrate Judge Albregts granted a stipulation extending discovery deadlines: discovery was due August 24, 2020; dispositive motions due September 22, 2020; and the joint pretrial order due October 21, 2020. ECF No. 55.  On June 25, 2020, Plaintiff counsel's Motion to Withdraw was granted. ECF No. 58. On October 1, 2020, the Court issued a minute order stating, *inter alia*, that given that the Court granted the filing of the second amended

complaint, Defendants had until October 14, 2020, to withdraw their previously filed Motions for Summary Judgment [ECF Nos. 62, 66] and file new motions if they deemed it appropriate. ECF No. 68.

On October 14, 2020, Defendant Culinary Union Local Union 226 ("Culinary Union") withdrew [ECF No. 62] and filed [ECF No. 73] Motion for Summary Judgment. Plaintiff did not file a response, but Defendant Culinary Union filed a reply. ECF No. 79. Also on October 14, 2020, Caesars Entertainment ("Caesars") filed [ECF No. 76] Motion for Summary Judgment. Plaintiff replied and Defendant Caesars responded. ECF Nos. 78, 80.

### III.  FACTUAL BACKGROUND

The Court makes the following factual findings.

#### A. Undisputed Facts

The Court finds the following facts to be undisputed.

Paris Las Vegas Hotel & Casino ("Paris") is owned and operated by Paris Las Vegas Operating Company, LLC ("PLOC"). In 2000, Paris employed Plaintiff as a Banquet Server, and as of Caesar's Motion for Summary Judgment dated October 14, 2020, Plaintiff was still in that position. Plaintiff is over 40 years old. Defendant Culinary Workers Union Local 226 ("Culinary Union") is the collective bargaining representative of Las Vegas' banquet servers, and Plaintiff is a member of the Culinary Union.

Paris utilizes a computerized system known as Celayix that banquet servers use to log into and sign up for shift assignments. Banquet servers are matched to assignments through lists, known as the A, B, and D Lists. Employees on the A List have the most seniority and can sign up for shifts on Celayix first. After the A List priority window closes, B List employees can sign up for shifts. If the deadline for A and B employees to sign up for shifts has passed and more employees

are still needed, Paris and its affiliates open assignments to a city-wide D List. Plaintiff was part of the B List based on his seniority and signed up to participate in the D List.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

### V. DISCUSSION

**A. Defendant Caesar's Motion for Summary Judgment**

In Count I of his Second Amended Complaint, Plaintiff claims that Defendant Caesars violated the Age Discrimination in Employment Act of 1967 and 29 U.S.C. § 623. In Count II, Plaintiff claims that Defendant Caesars violated Nevada Revised Statute ("NRS") Section 613.330 by discriminating against Plaintiff due to his age. In Count III, Plaintiff claims that all Defendants breached the Culinary Union's collective bargaining agreement ("CBA") by failing to honor its seniority system.

In his Complaint, Plaintiff asserts that he encountered disparate treatment and other CBA violations while being employed by Defendant Caesars, repeatedly complained about it, and then lodged a formal grievance on March 12, 2020, with Defendant Culinary Union. Plaintiff argues, *inter alia,* that Defendant Caesars violated the CBA by allowing non-senior members to be hired for work assignments; made allowances for certain people to work two positions within the company but denied him the ability to do so; that Celayix discriminates because it does not ensure those with seniority are prioritized for extra work; that Caesars failed to properly post bid sheets on sister properties which caused D List employees to be unable to get these employment opportunities; that Defendant Caesars took advantage of an Obama-era policy to provide a tax credit for new employees; and that Plaintiff was denied work hours.

Defendant Caesars argues that summary judgment should be granted on all the causes of action against it because Caesars is not the appropriate defendant since it is not Plaintiff's employer or involved in the alleged events at issue. Further, Caesars argues that Plaintiff's claims of age discrimination under the ADEA and NRS § 613.330 fail because Caesars is not subject to such statutes, that the claims are barred by the statute of limitations, and because these statutes do not permit a theory of "mixed motive" liability. With respect to Count III, Caesars argues that it is not a party to the CBA at issue, that the breach of contract claim is preempted by the federal Labor Management Relations Act ("LMRA"), barred by the statute of limitations, and unsupported by evidence. In its reply, Caesars argues, *inter alia*, that the Court should not grant Plaintiff's requests to amend the Complaint and for additional time for discovery because Plaintiff failed to demonstrate excusable neglect and that Plaintiff has been represented by counsel for most of the discovery period.

/ / /

In his Opposition, Plaintiff asserts that Paris is Caesar's subsidiary, and he is therefore employed by Caesar. Plaintiff also asks the Court for leave to amend his Complaint to include Paris as a Defendant. Plaintiff also claims that Caesars' motion does not explain how it is exempt from federal and Nevada law. Plaintiff then reiterates the alleged instances of CBA violations against him and others, including being denied being able hold two jobs simultaneously and how Defendants Caesars took advantage of tax credits by hiring new employees rather than promoting from within.

The Court finds that Plaintiff cannot establish an ADEA claim even on disputed facts. The ADEA makes it unlawful for an employer to discriminate "because of [an] individual's age." 29 U.S.C. § 623(a)(1). The prohibition is "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a). To prevail on a claim for age discrimination under the ADEA, a plaintiff must prove at trial that age was the "but-for" cause of the employer's adverse action. Gross v. FBL Financial Services, Inc., 557 U.S. 167, 176 (2009); Shelley v. Geren, 666 F.3d 599 (2012) (accord). "Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." Gross, 557 U.S. at 176-77.

Plaintiff's claims fails for several reasons. First, Plaintiff has not established by cognizable evidence a disputed fact that Caesars was the employer who engaged in any adverse action against him and that it is subject to the ADEA. See Watson v. Gulf & Western Industries, 650 F.2d 990, 993 (9th Cir. 1981) (parent companies are generally not liable for alleged employment discrimination by their subsidiaries). Plaintiff has not submitted evidence to rebut the evidence presented by Caesars that it does not have a sufficient number of employees to be subject to the ADEA. Second, Plaintiff's claim is barred by the statute of limitations. A plaintiff asserting a claim of employment discrimination must file a charge of discrimination with either the United States

- 5 -

Equal Employment Opportunity Commission ("EEOC"), or the state equivalent within 300 days after the alleged discriminatory act. Green v. Los Angeles Cty. Superintendent of Schools, 883 F.2d 1472, 1473 (9th Cir. 1989); 42 U.S.C. § 2000e-5(e)(1). Based upon the cognizable evidence in the record, Plaintiff alleges discrimination that occurred in 2007 but he did not file his EEOC claim until approximately ten years later. This claim must therefore be dismissed.

Third, Plaintiff's claim must be dismissed because he has not alleged or established by disputed facts but for causation for any adverse employment actions. Plaintiff alleges a mixed motive for the alleged discriminatory acts in this case—age discrimination and nepotism. He cannot therefore establish the requisite causation for his ADEA claim to proceed to trial.

Plaintiff's age discrimination claim under Nevada law also fails. Section 613.330 tracks federal law under the ADEA. Liston v. Las Vegas Metro. Police Dep't, 908 P.2d 720, 722 (1995) (Nev. 1995). Plaintiff's state claim thus fails for the same reasons noted above as to the ADEA claim.

Finally, Plaintiff's claim against Caesars for breach of contract as to the CBA also fails. In order to establish a breach of contract under Nevada law, Plaintiff must establish that Caesars was a party to the contract. See Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 899 (9th Cir. 2013) (under Nevada law, a claim of breach of contract requires, inter alia, the existence of a valid contract to which the defendant is a party). Plaintiff's claim fails because he cannot establish a genuine issue of disputed fact that Caesars was a party to the CBA.

The Court also denies Plaintiff's request to amend his Complaint a third time to add Paris as a defendant and to extend discovery. The last day to file motions to amend the pleadings or add parties was initially March 24, 2019, which was 90 days before the discovery cut-off date. ECF No. 33. Plaintiff has filed three complaints (ECF Nos. 1, 10, 69), and the most recent complaint

was prepared and filed while Plaintiff was represented by counsel. ECF Nos. 31, 40. Even though Plaintiff has been intermittently *pro se*, Plaintiff was represented during the discovery period and given a sixty-day extension to complete discovery. ECF Nos. 55, 56. Plaintiff had opportunities to amend and to obtain discovery. Especially at this late stage in litigation, the Court finds that Plaintiff has not identified any excusable neglect for the undue delay in amending his complaint for the third time and for extending the discovery period.

### B. Defendant Culinary Workers Union Local 226's Motion for Summary Judgment

In Count III of his Second Amended Complaint, Plaintiff claims that all Defendants breached the Culinary Union's CBA by failing to honor its seniority system. In Count IV, Plaintiff claims that Defendant Culinary Union breached its duty of fair representation.

Defendant Culinary Union argues that Plaintiff fails to state a breach of contract claim because Plaintiff is not entitled to what he alleges has been denied. Defendant Culinary Union further asserts that Plaintiff's grievances were untimely, and that his alleged CBA violations, such as those about the D-List addendum and Celayix system, do not apply to the CBA or do not violate the CBA. With respect to Plaintiff's breach of fair representation claim, Defendant Culinary Union argues that Plaintiff proffers no evidence that Defendant acted in an arbitrary, discriminatory, or bad-faith manner when representing Plaintiff. Plaintiff did not file an opposition to Defendant Culinary Union's motion, but in his opposition to Caesars' Motion for Summary Judgment, Plaintiff includes arguments that opposes Defendant Culinary Union's motion. Plaintiff asserts that Defendant Caesars and Culinary Union benefit from violations of the CBA. He further asks the Court to allow him to amend the complaint to include the Labor Management Relations Act and to be given additional time to conduct discovery.

The Court finds that Plaintiff's claim against the Culinary Union also fails. Plaintiff fails to identify how the CBA was breached and how Culinary Union Defendant breached its duty of fair representation. Section 301 of the LMRA governs "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce," 29 U.S.C. § 185(a). A plaintiff who brings an action for breaching a CBA under Section 301 needs to show that the employer breached the CBA and that the union breached its duty of fair representation. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 987 (9th Cir. 2007); Vaca v. Sipes, 386 U.S. 171, 916-918 (1967) (describing a union's duty of fair representation as a "statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.").

Here, Plaintiff has provided no evidence that Defendant Culinary Union violated the CBA given that the CBA does not have provisions stating that employees are entitled to simultaneously hold a full-time job and additional job with a single employer; be hired by other employers; and obtain extra, voluntary shifts on the D List based on seniority. The CBA also leaves new-hire qualifications to the employer and does not address tax credits. Plaintiff thus fails to show based on undisputed or disputed facts how Defendant Culinary Union breached the CBA or failed to fairly represent Plaintiff. Simply speculating about what happened about what may have happened is not enough to survive a Motion for Summary Judgment. Overall, absent any evidence to create a genuine issue of disputed fact, Plaintiff's breach of contract and breach of duty of fair representation claims against Defendant Culinary Union necessarily fail. The Court also denies Plaintiff's request to amend his Complaint to include the LMRA. As discussed *supra*, the Court finds that Plaintiff fails to demonstrate excusable neglect to warrant a third opportunity to amend.

### VI. CONCLUSION

**IT IS ORDERED** that Defendant Caesars Entertainment's Motion for Summary Judgment [ECF No. 76] is GRANTED. Given this ruling, Defendant Caesars Entertainment's Motion for Summary Judgment [ECF No. 66] is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendant Culinary Union Local 226's Motion for Summary Judgment [ECF No. 73] is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

DATED: September 8, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**